[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This lawsuit involves a claim, by the plaintiff dentist against the defendant doing business as a dental group under an alleged employment contract. The issues were joined by denial of the material allegations of the complaint by the defendant and a pleading by way of special defenses that, first, the plaintiff unilaterally repudiated an agreement to perform services on behalf of the defendant thereby excusing the defendant from performing its obligation pursuant to the agreement; second, the said repudiation by the plaintiff of its contract with the defendant resulted in substantial money damages to the defendant and third, that the plaintiff's unilateral repudiation of the contract by and between the plaintiff and defendant constituted a waiver by the plaintiff of any claim for compensation pursuant to the contract.
Taking the latter first, the court finds that the evidence does not sustain the allegations of the special defenses for the reason that the court concludes from the credible, admissible and relevant evidence offered that while the plaintiff and the defendant entered into an oral contract of employment, there is no evidence upon which this court can conclude that the agreement of employment included any provision with respect to notice to be given by the plaintiff in the event of his termination of the contract. The court finds that under the agreement the plaintiff was entitled to be compensated and his compensation basis was 30% of the fees collected for services rendered by the plaintiff to the defendant dental group. The court further finds that the plaintiff claimed compensation due after his termination in the amount of $13,200.00, and that the accounts he serviced were in the minimum collected by defendant to the extent of 88%. The total of said accounts under which compensation is due from the defendant to the plaintiff is $50,157.00 of which 30% of 88% of said amount amounts to compensation due in the amount of $13,200.00. Parenthetically, there is basis for the court to conclude and in fact does conclude that the collections on those accounts from the testimony and the discovery exceeded said 88% and was in all probability in the amount of 90 to 95%, although the plaintiff does not claim compensation on that basis.
In addition, the plaintiff claims that there is due to him the sum of $2,646.94 due as his employer, the defendant's share of health insurance agreed to have been provided in connection with his employment. The court finds that the provision of health insurance with appropriate deductibles was a term of their contract of employment and, that there is in fact due and owing the plaintiff the sum of $2,646.94 due to the defendant's failure to CT Page 10196 adequately fund with the Chubb Life Insurance Company defendant's health provider, its agreed portion of the deductible amount to be paid by the defendant as employer of the plaintiff pursuant to their contract.
In connection with the claims of the defendant on the counterclaim, the testimony at trial iterated certain claims that were not covered in the cross complaint and accordingly are not allowed, that is for cost of retreatments of patients that had originally been treated by the plaintiff.
In addition, the evidence does not sustain the claim of the defendant that the defendant dental group is owed any money on account of charge backs or expenditures to purchase the implant equipment that was used by the plaintiff in the course of his employment by the defendant and which produced fees collected by the defendant.
Accordingly, judgment is entered for the plaintiff to recover from the defendant the sum of $15,846.94. The court declines to award interest on this amount in view of the apparent bona fides of the claims of each of the parties to this litigation.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk
HIGGINS, J.